UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION
[*Electronically Filed*]

| | | |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, WHO SUBSCRIBE TO CERTIFICATE NO. IRPI-AML-22-055, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) ) | |
| CATER TRANSPORT SERVICES, LLC; | ) ) | |
| **Serve**: John P. Reed, Registered Agent 8230 Hohman Avenue Munster, IN 46321 | ) ) ) ) ) | |
| CATER TRANSPORT, LLC; | ) ) | Case No. 23-cv-310 |
| **Serve**: John P. Reed, Registered Agent 8230 Hohman Avenue Munster, IN 46321 | ) ) ) ) | |
| CATER TRANSPORTATION SERVICES, LLC; | ) ) | |
| **Serve**: John P. Reed, Registered Agent 8230 Hohman Avenue Munster, IN 46321 | ) ) ) ) | |
| CATER LOGISTICS, LLC | ) ) | |
| **Serve**: John P. Reed, Registered Agent 8230 Hohman Avenue Munster, IN 46321 | ) ) ) ) | |
| BRIAN HALASCHAK; | ) ) | |
| **Serve**: Brian Halaschak 3900 Winter Lane Valparaiso, IN 46385 | ) ) ) ) | |
| JACK GRAY TRANSPORT, INC.; | ) ) | |

285432121v.1

**Serve:** Danette Garza )
      4600 E. 15th Avenue )
      Gary, IN 46322 )
       )
JACK GRAY TRANSPORTATION )
SERVICES, INC.; )
      **Serve:** Danette Garza )
      4600 E. 15th Avenue )
      Gary, IN 46322 )
       )
JACK GRAY LOGISTICS NETWORK, )
INC.; and )
       )
      **Serve:** Danette Garza )
      4600 E. 15th Avenue )
      Gary, IN 46322 )
       )
LAKES & RIVERS LOGISTICS, INC., )
       )
      **Serve:** Danette Garza )
      4600 E. 15th Avenue )
      Gary, IN 46322 )
       )
      *Defendants.* )

## COMPLAINT FOR DECLARATORY JUDGMENT AND RELATED RELIEF

Plaintiffs, Certain Underwriters at Lloyd's, London, Who Subscribe to Certificate No. IRPI-AML-22-055 (collectively "Underwriters"), by and through their undersigned counsel, for their Complaint for Declaratory Judgment and Related Relief against Defendants Cater Transport Services, LLC; Cater Transport, LLC; Cater Logistics, LLC; Cater Transportation Services, LLC; Brian Halaschak; Jack Gray Transport, Inc.; Jack Gray Transportation Services, Inc.; Jack Gray Logistics Network, Inc.; and Lakes & Rivers Logistics, Inc., state as follows:

### I.    STATEMENT OF THE CASE

1.    This action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure ("FRCP") 57, for purposes of determining a question of actual controversy between the parties, which is justiciable in nature, as set forth more fully below. Specifically,

285432121v.1

Underwriters seek a determination of the parties' rights and obligations under Certificate No. IRPI-AML-22-055, issued to Defendant Cater Transport Services, LLC (the "Policy"). Underwriters seek a judgment declaring the Policy does not provide any duty to defend or indemnify Defendants Cater Transport Services, LLC; Cater Transport, LLC; Cater Logistics, LLC; Cater Transportation Services, LLC; and Brian Halaschak with respect to claims asserted against them by Defendants Jack Gray Transport, Inc.; Jack Gray Transportation Services, Inc.; Jack Gray Logistics Network, Inc.; and Lakes & Rivers Logistics, Inc. in a civil action pending in Porter County Superior Court No. 5, styled as *Jack Gray Transport, Inc., et al. v. Cater Transport, LLC, et al.*, Cause No. 64D05-2305-CT-004060 (the "State Court Action").

## II.    THE PARTIES

2.    Certain Underwriters at Lloyd's, London, are a syndicate of business entities organized and existing under the laws of England and Wales with a principal place of business in London, England. The Underwriters insurance policy at issue in this action was issued by Syndicate 2001 subscribing to 100 percent of the risk. Syndicate 2001 is a Lloyd's syndicate equivalent to an unincorporated association. The sole member of Syndicate 2001 is MS Amlin Corporate Member Limited, a private limited company incorporated in the United Kingdom with it principal place of business in London, England.  A United Kingdom private limited company is treated as a corporation for purposes of federal jurisdiction. Plaintiffs are, therefore, deemed citizens of the United Kingdom.

3.    Defendant Cater Transport Services, LLC, is a limited liability company organized and operating under the laws of the State of Indiana, with its principal office located at 3411 Scheffield Avenue, Hammond, Indiana 46327. Cater Transport Services, LLC, is the named insured listed on Certificate No. IRPI-AML-22-055, and is believed to be an assumed name for

Defendants Cater Transport, LLC, Cater Logistics, LLC, and/or Cater Transportation Services, LLC. The members of this Defendant are citizens of the State of Indiana, and this Defendant is, therefore, a citizen of the State of Indiana.

4.      Defendant Cater Transport, LLC, is a limited liability company organized and operating under the laws of the State of Indiana with its principal office located at 3411 Scheffield Avenue, Hammond, Indiana 46327. Its registered agent for service of process is John P. Reed, who may be served at 8230 Hohman Avenue, Munster, Indiana 46321. The members of this Defendant are citizens of the State of Indiana, and this Defendant is, therefore, a citizen of the State of Indiana.

5.      Defendant Cater Transportation Services, LLC, is a limited liability company organized and operating under the laws of the State of Indiana with its principal office located at 3411 Scheffield Avenue, Hammond, Indiana 46327. Its registered agent for service of process is John P. Reed, who may be served at 8230 Hohman Avenue, Munster, Indiana 46321. The members of this Defendant are citizens of the State of Indiana, and this Defendant is, therefore, a citizen of the State of Indiana.

6.      Defendant Cater Logistics, LLC, is a limited liability company organized and operating under the laws of the State of Indiana with its principal office located at 3411 Scheffield Avenue, Hammond, Indiana 46327. Its registered agent for service of process is John P. Reed, who may be served at 8230 Hohman Avenue, Munster, Indiana 46321. The members of this Defendant are citizens of the State of Indiana, and this Defendant is, therefore, a citizen of the State of Indiana.

7.      Defendant Brian Halaschak is a resident and citizen of the State of Indiana residing at 3900 Winter Lane, Valparaiso, Indiana 46385. Halaschak may be served with process at the aforementioned address.

285432121v.1

8.       Defendant Jack Gray Transport, Inc., is a corporation organized and operating under the laws of the State of Indiana with its principal place of business located at 4600 E. 15th Avenue, Gary, Indiana 46322. Its registered agent for service of process is Danette Garza, who may be served with process at the aforementioned address. This Defendant is a citizen of the State of Indiana.

9.       Defendant Jack Gray Transportation Services, Inc. is a corporation organized and operating under the laws of the State of Indiana with its principal place of business located at 4600 E. 15th Avenue, Gary, Indiana 46322. Its registered agent for service of process is Danette Garza, who may be served with process at the aforementioned address. This Defendant is a citizen of the State of Indiana.

10.      Defendant Jack Gray Logistics Network, Inc., is a corporation organized and operating under the laws of the State of Indiana with its principal place of business located at 4600 E. 15th Avenue, Gary, Indiana 46322. Its registered agent for service of process is Danette Garza, who may be served with process at the aforementioned address. This Defendant is a citizen of the State of Indiana.

11.      Defendant Lakes & Rivers Logistics, Inc., is a corporation organized and operating under the laws of the State of Indiana with its principal place of business located at 4600 E. 15th Avenue, Gary, Indiana 46322. Its registered agent for service of process is Danette Garza, who may be served with process at the aforementioned address. This Defendant is a citizen of the State of Indiana.

### III.    JURISDICTION AND VENUE

12.    This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) because it involves citizens of a state (Indiana) and citizens or subjects of a foreign state (the United Kingdom) and the amount in controversy exceeds $75,000.

13.    This action concerns the rights and obligations, including defense and indemnity obligations, if any, under a liability insurance policy issued within the jurisdictional limits of the Northern District of Indiana for alleged events that occurred within the jurisdictional limits of the Northern District of Indiana. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### IV.    FACTS

14.    On or about May 5, 2023, Defendants Jack Gray Transport, Inc.; Jack Gray Transportation Services, Inc.; Jack Gray Logistics Network, Inc.; and Defendant Lakes & Rivers Logistics, Inc. (collectively the "Jack Gray Defendants") filed the State Court Action against Defendants Cater Transport, LLC; Cater Logistics, LLC, Cater Transportation Services, LLC; and Brian Halaschak (collectively, along with Cater Transport Services, LLC, the "Cater Defendants"). (*See* **Exhibit 1**, Verified Complaint).

15.    The Jack Gray Defendants allege that Halaschak was employed as Chief Revenue Officer for the Jack Gray Defendants until his departure on July 22, 2022. (*See* **Ex. 1**, ¶¶ 11–12). According to the Jack Gray Defendants, during his employment Halaschak was "entrusted with significant access to Plaintiffs' confidential and proprietary information . . . , including, but not limited to, rates, customer lists, pricing information, key contracts, and accounting data." (**Ex. 1**, ¶ 13).

285432121v.1

16.    The Verified Complaint in the State Court Action asserts that for several weeks leading up to his departure, Halaschak "downloaded and/or printed numerous files from his laptop computer and took with him confidential and proprietary information, including, but not limited to, rates, customer lists, pricing information, key contracts, accounting data, and other confidential and valuable information belonging to Plaintiffs." The Jack Gray Defendants further allege that "[t]his information and data can be and has been used by Halaschak to contact [the Jack Gray Defendants'] customers, interfere with contractual and business relationship [sic] between [the Jack Gray Defendants] and those customers, undercut or outbid [the Jack Gray Defendants'] rates and pricing, and generally duplicate the business operations of [the Jack Gray Defendants] through Cater Transport, Cater Logistics, and Cater Transportation Services[.]" (**Ex. 1**, ¶ 14).

17.    The Jack Gray Defendants claim that "[a] preliminary computer forensics evaluation has been completed and confirms that Halaschak engaged in downloading and improper access to confidential and proprietary information in the final days and hours of his employment" and that "[t]he documents accessed in the last week" of his employment "were not for business purposes related to completion of his duties" for the Jack Gray Defendants. (**Ex. 1**, ¶ 15).

18.    According to the Jack Gray Defendants, less than a month after Halaschak's departure, Cater Transport, LLC, was formed, and a few months later, in December 2022, Halaschak was added as an LLC member. (*See* **Ex. 1**, ¶ 17).

19.    The Jack Gray Defendants allege in the State Court Action that the Cater Defendants "were formed to duplicate the operations" of the Jack Gray Defendants and to "solicit [the Jack Gray Defendants'] customers and owner-operator partners." (**Ex. 1**, ¶ 20).

20.    At bottom, the Jack Gray Defendants claim that Halaschak "used confidential and proprietary information that he took from [the Jack Gray Defendants] to interfere with contracts

and/or business relationships between [the Jack Gray Defendants] and their customers or business partners." The Jack Gray Defendants further allege that Halaschak and/or his agents or associates "lied to certain of [the Jack Gray Defendants'] customers by telling them that [Jack Gray Transport, Inc.,] was changing its name and encouraging those customers to simply change the name on billing paperwork from JGT to Cater Transport." They claim that Halaschak "acted to willfully and maliciously . . . damage the reputation of [the Jack Gray Defendants]. . . ." (**Ex. 1**, ¶¶ 25–27).

21.     The Jack Gray Defendants allege that, as a result of the Cater Defendants' conduct, including Halaschak's conduct "in willfully taking confidential and proprietary information and data from" the Jack Gray Defendants and "taking actions to harm the reputation of [the Jack Gray Defendants]," the Jack Gray Defendants have suffered "significant damage . . . , including significant loss of reputation, as well as revenue and profits that otherwise would have been generated but for the illegal actions of Halaschak."  (**Ex. 1**, ¶ 30).

22.     The Verified Complaint in the State Court Action sets forth three counts against Defendants Cater Transport, LLC, Cater Logistics, LLC, Cater Transportation Services, LLC, and Brian Halaschak: (1) violation of the Indiana Uniform Trade Secrets Act, based upon the allegation that the Cater Defendants "misappropriated confidential and proprietary data and information" taken by Halaschak; (2) tortious interference with contract; and (3) tortious interference with business relationship. The Jack Gray Defendants further assert claims for breach of fiduciary duty and violation of the Computer Fraud and Abuse Act against Halaschak only. (*See* **Ex. 1**, pp. 8–13).

23.     The Jack Gray Defendants seek injunctive relief as well as compensatory damages, costs, and attorney's fees. (*See* **Ex. 1**, pp. 13–14).

## V.     THE POLICY

24.     Underwriters, pursuant to Certificate No. IRPI-AML-22-055, provide General Liability Coverage and Professional Liability Coverage to the insured, Cater Transport Services, LLC, for the period November 8, 2022, to November 8, 2023. (*See* Exhibit 2, Policy Documents, p. 1).[1] General Liability Coverage is provided in the amount of $1,000,000 for any one occurrence and $1,000,000 in the aggregate annually, subject to a $1,000 deductible for each occurrence. (*See* **Ex. 2**, p. 1). Professional Liability Coverage is provided in the amount of $100,000 any one claim, subject to a $1,000 deductible each and every claim. (*See* **Ex. 2**, p. 1).

25.     The Commercial General Liability Coverage Form states, in pertinent part:

**COMMERCIAL GENERAL LIABILTY COVERAGE**

\*\*\*

**SECTION 1 – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE
LIABILTY**

1. Insuring Agreement

a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\*\*\*

2. Exclusions

This insurance does not apply to:

\*\*\*

---

[1]     For ease of reference, Underwriters have Bates stamped the Policy documents. The Bates numbers can be found in the top right corner of the documents.

9

285432121v.1

a. Expected Or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

## COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY

1. Insuring Agreement

a.   We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

\*\*\*

2. Exclusions

This insurance does not apply to:

\*\*\*

a. Knowing Violation of Rights of Another

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

\*\*\*

d. Criminal Acts

"Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

\*\*\*

i. Infringement of Copyright, Patent, Trademark or Trade Secret

10

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights.

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\*\*\*

l. Unauthorized Use of Another's Name or Product

"Personal and advertising injury" arising out of the unauthorized use of another's name or product in your e-mail address, domain name or metatag, or any other similar tactics to mislead another's potential customers.

\*\*\*

**SECTION II – WHO IS AN INSURED**

1. If you are designated in the Declarations as:

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

2. Each of the following is also an insured:

a. Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. . . .

\*\*\*

**SECTION V – DEFINITIONS**

1. "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the

11

purpose of attracting customers or supporters. For the purposes of this definition:

    a. Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b. Regarding web-sites, only that part of a website that is about your goods, products or services for the purposes of attracting customers or supporters is considered an advertisement.

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

***

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

    a. False arrest, detention or imprisonment;

    b. Malicious prosecution;

    c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

    d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

    e. Oral or written publication, in any manner, of material that violates a person's right of privacy;

    f. The use of another's advertising idea in your "advertisement"; or

    g. Infringing upon another's copyright, trade dress or slogan in your "advertisement".

***

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

12

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

(**Ex. 2**, pp. 22–37).

    26.    Endorsement 1 of the Policy references the Policy as issued in the name of Cater Transport Services, Inc., and is effective November 8, 2022. Endorsement 1 states in pertinent part:

| **p) Cyber and Data – Exclusion** |
| --- |

(for use on General Liability Policies)

1 Notwithstanding any provision to the contrary within this policy or any endorsement thereto, this policy has no duty to defend, and does not cover, any claims seeking all actual or alleged loss, liability, damage, compensation, sickness, disease, death, medical payment, defence cost, claim, fine, penalty, cost or cost expense or any other amount, directly or indirectly caused by, arising out of, contributed to by, resulting from, or otherwise in connection with any:

1.1 **Cyber Act** or **Cyber Incident** including, but not limited to, any action taken in controlling, preventing, suppressing or remediating any **Cyber Act** or **Cyber Incident**; or

1.2 **Data Breach**; or

1.3 other loss of use, reduction in functionality, repair, replacement, restoration, reproduction, loss of, damage to, corruption of, inability to access or inability to manipulate or theft of any **Electronic Data**, including any amount pertaining to the value of such **Electronic Data**;

13

regardless of any other cause or event contributing concurrently or in any other sequence thereto.

2 For the avoidance of doubt, this policy does not cover notification costs, crisis consultancy costs, credit monitoring expenses, replacement of actual credit or payment cards, forensic expenses, public relations expenses or legal advice and services arising out of or in connection with a **Data Breach**.

## <u>Definitions</u>

3 **Computer System** means any computer, hardware, software, communications system, electronic device (including, but not limited to, smart phone, laptop, tablet, wearable device), server, cloud or microcontroller including any similar system or any configuration of the aforementioned and including any associated input, output, data storage device, networking equipment or back up facility, owned or operated by the Insured or any other party.

4 **Cyber Act** means an unauthorised, malicious or criminal act or series of related unauthorised, malicious or criminal acts, regardless of time and place, or the threat or hoax thereof involving access to, processing of, use of or operation of any **Computer System**.

5 **Cyber Incident** means:

5.1 any error or omission or series of related errors or omissions involving access to, processing of, use of or operation of any **Computer System**; or

5.2 any partial or total unavailability or failure or series of related partial or total unavailability or failures to access, process, use or operate any **Computer System**.

6 **Data Breach** means:

6.1 the theft, loss, access to, acquisition of, or unauthorized or unlawful use or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit or payment card information, health information, biometric data or any other type of non-public information; involving access to, processing of, use of or operation of any **Computer System** or

6.2 the violation of any statute, regulation, common-law, or any other law regulating or protecting access to, collection, use or disclosure of, or failure to protect any non-public confidential or personal information in the form of **Electronic Data**.

7. **Electronic Data** means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and

applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\*\*\*

(**Ex. 2**, pp. 16–17).

27.     Endorsement 2 of the Policy references the Policy as issued in the name of Cater

Transport Services, Inc., and is effective November 8, 2022. Endorsement 2 states in pertinent

part:

| a)     **Classification Limitation Endorsement** |
|---|

This insurance applies only to locations and operations that are described on the Declarations page or Extension of Declarations of this policy. If any operation(s) and/or location(s) are not described, they are not covered hereunder.

\*\*\*

| **j) Professional Services Exclusion** |
|---|

Professional Liability, Malpractice, Errors, Omission, Acts of any type including rendering or failure to render any type of professional service is not covered under this policy nor are any expenses nor any obligation to share damages with or repay anyone else who must pay damages from same.

\*\*\*

| **o) Amendment of Insuring Agreement-Known Injury or Damage CG 0057 (09/99)** |
|---|

Paragraph 1. Insuring Agreement of Section I – Coverage A – Bodily Injury and Property Damage Liability is replaced by the following:

1. Insuring Agreement

a. We will pay those sums that the insured be-comes legally obligated to pay as damages be-cause of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

15

(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgements or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1.of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

16

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

\*\*\*

| **v) Advertising Injury/Intellectual Property Infringement Exclusion** |
|---|

Coverage under this policy does not apply to any claim, suit, cost or expense arising directly or indirectly out of one or more allegations of:

1) deceptive, false, fraudulent, misleading, unfair, unlawful, or untrue business act or practice with respect to advertising, and/or

2) copyright, patent or trademark infringement, and/or

3) misappropriation of trade secret and/or practice, piracy or other intellectual property

whether caused by or at the instigation or direction of any Insured, Insured's employees, patrons or any other person.

\*\*\*

| **aa) Duty to defend** |
|---|

Where there is no coverage under this policy, there is no duty to defend.

(**Ex. 2**, pp. 4–10).

28.    A separate endorsement to the Policy states:

## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

## COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

| |
|---|
| **Premises:** |
| 001 – 3411 Scheffield Avenue<br>          Hammond, Indiana 46327 |
| Project:<br>N/A |

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

    2. The project shown in the Schedule.

(**Ex. 2**, p. 19).

29.    The Policy includes a Professional Liability Insurance Endorsement that states as follows:

**MISCELLANEOUS
PROFESSIONAL LIABILITY INSURANCE**

**NOTICE**: THIS IS A CLAIMS-MADE FORM. Except to such extent as may otherwise be provided herein, the coverage afforded under this Policy is limited to liability for only those CLAIMS THAT ARE FIRST MADE AGAINST THE **INSURED** AND REPORTED TO THE UNDERWRITERS DURING THE **PERIOD OF INSURANCE**. The limits of liability available to pay **Damages** shall be reduced and may be completely exhausted by payment of **Claims Expenses. Damages** and **Claims Expenses** shall be applied against the deductible. Please review the coverage afforded under this Policy carefully and discuss the coverage hereunder with your insurance agent or broker. Words and phrases in **bold** have special meaning. See Section II Definitions.

The Underwriters agree with the **Named Insured**, in consideration of the payment of the premium and in reliance upon the statements in the application which is made a part of this Policy and subject to the limits of liability, exclusions, conditions and other terms of this insurance**:**

285432121v.1

## I.    Insuring Agreements

A.    Coverage

To pay on behalf of the Insured, subject to the terms, conditions, limitations and exclusions of this Policy, those Damages and Claims Expenses which the Insured shall become legally obligated to pay because of a Claim or Claims, first made against the Insured and reported to the Underwriters during the Period of Insurance, or any applicable Extended Reporting Period, solely arising out of an act, error or omission of the Insured in rendering or failing to render for others such services in the Profession as stated in Item 7 of the Declarations, on behalf of the Named Insured, PROVIDED ALWAYS THAT such act, error or omission happens:

i during the Period of Insurance, or

ii prior to the Period of Insurance and subsequent to the retroactive date, if any, stated in Item 5 of the Declarations,

***

## II.    Definitions

Whenever used in this Insurance:

A. "Insured" means each of the following to the extent set forth below:

***

2. if the Named Insured is a firm or association, the firm or association so designated and any partners, directors, officers, stockholders, or other employees of the Named Insured, but solely with respect to those Services in the Profession stated in Item 7 of the Declarations on behalf of the Named Insured;

***

## IV.    Exclusions

The coverage under this Insurance does not apply to Claims or Claims Expenses with respect to:

C. any facts or circumstances known to the Insured prior to the commencement of this Insurance which a reasonably prudent person, if aware of said facts or circumstances, might expect to give rise to a Claim against the Insured;

19

*** 

H. any Claim arising out of any Insured's activities as a trustee, partner, officer, director or employee of any employee trust, charitable organization, corporation, company or business other than that of the Named Insured;

I. any Claim made by or against or in connection with any organisation (including the ownership, maintenance or care of any property in connection therewith), not named in the Declarations, which is owned by any Insured or in which any Insured is a trustee, partner, officer, director or employee; or any organisation that wholly or partly owns, operates or manages the insured;

*** 

L. any Claim arising out of libel or slander or other defamatory or disparaging material, or a publication or an utterance in violation of an individual's right of privacy;

*** 

R. any infringement of a patent, trademark or copyright or misappropriation of trade secrets or proprietary information;

*** 

## IX.  <u>Notice of Claim, or Circumstance That May Lead to a Claim</u>

If during the Period of Insurance or the Optional Extended Reporting Period, the Insured first becomes aware of an act or omission that could reasonably be the basis for a Claim, the Insured shall immediately give written notice to Insurers through persons named in Item 6 of the Declarations of:

1. the specific act, error or omission; and

2. the injury or damage which may result or has resulted from the act, error or omission; and

3. the circumstance by which the Insured first becomes aware of the act, error or omission.

*** 

(**Ex. 2**, pp. 45–54).

## VI.    CAUSE OF ACTION FOR DECLARATORY JUDGMENT

30.    Underwriters incorporate and restate the allegations contained in Paragraphs 1 through 29 above as if fully set forth herein.

31.    The claims asserted against Cater Defendants in the State Court Action are not covered by the Policy pursuant to the terms and conditions of the Policy.

32.    Because the claims are not covered by the Policy, Underwriters owe neither defense nor indemnity under the Policy to the Cater Defendants for the claims asserted by the Jack Gray Defendants in the State Court Action.

33.    An actual case and controversy exists between the parties as to whether Underwriters are obligated to defend and/or indemnify the Cater Defendants with respect to the claims asserted in the State Court Action or any claims arising therefrom.

34.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and FRCP 57, this Court is vested with the power and obligation to declare the rights and liabilities of the parties and to give such other and further relief that may be necessary.

35.    This is a proper case for which the Court may exercise jurisdiction and declare the rights and liabilities of the parties.

**WHEREFORE**, Underwriters respectfully request that judgment be entered as follows:

1.    Declaring that Underwriters are not obligated to defend and/or indemnify Defendants Cater Transport Services, LLC; Cater Transport, LLC; Cater Transportation Services, LLC; Cater Logistics, LLC; and Brian Halaschak with respect to the claims asserted against them in the State Court Action or for any other claims arising therefrom.

2.    Awarding Underwriters any and all other relief to which they may be entitled in law or equity, including an award of costs.

**DATED: September 15, 2023.**

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Edward M. O'Brien*
Edward M. O'Brien, Attorney # 32092-39
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
Telephone: (502) 238-8500
Facsimile: (502) 238-7844
edward.obrien@wilsonelser.com
*Counsel for Plaintiffs*

285432121v.1