UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON WHO SUBSCRIBE TO CERTIFICATE NO IRPI-AML-22-055,<br><br>      Plaintiff,<br><br>      v.<br><br>CATER TRANSPORT SERVICES, LLC ET AL,<br><br>      Defendants. | Case No. 2:23-CV-310-GSL-APR |

## OPINON AND ORDER

There are three matters currently pending before this Court: Plaintiffs' Motion for Default Judgment as to the Cater Defendants [DE 30], Plaintiffs' Motion for Judgment on the Pleadings [DE 36], and Plaintiffs' Motion for Default Judgment as to Defendant Halaschak [DE 42]. For the reasons below, both Motions for Default [DE 30; DE 42] are GRANTED, and the Plaintiffs' Motion for Judgment on the Pleadings [DE 36] is DENIED.

## BACKGROUND

Plaintiffs filed the complaint in this matter on September 15, 2023, seeking a declaratory judgment under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. [DE 1, page 2]. Specifically, the Plaintiffs seek a declaratory judgment that the insurance policy issued to Defendants does not provide any duty to defend or indemnify Cater Transport Services, LLC; Cater Transport, LLC; Cater Logistics, LLC; Cater Transportation Services, LLC; or Brian Halaschak with respect to claims in a civil action in Porter County, styled as *Jack Gray Transport, Inc., et al. v. Cater Transport, LLC, et al.*, Cause No. 64D05- 2305-CT-004060. [DE 1, page 3].  Plaintiffs do not seek monetary damages from any defendant. [DE 1].

A summons and copy of the Plaintiffs' complaint were sent via certified mail to the sole registered agent for the four Cater Defendants[1], and courtesy copies were provided to counsel of record in the underlying state court action. [DE 30, page 2]. Service was properly effectuated on (1) Cater Transport Services, LLC, (2) Cater Transport, LLC, and (3) Cater Transportation Services, LLC, by certified mail on September 21, 2023. [DE 6; DE 7; DE 8; DE 30, page 2]. Service was properly effectuated on the fourth company, Cater Logistics, LLC, by certified mail on September 23, 2023. [DE 13; DE 30, page 2].

On October 9, 2023, a Notice of Appearance was filed on behalf of all the Cater Defendants, however, no other pleadings or responses were filed. [DE 14; DE 30, page 2]. Because the Cater Defendants failed to plead or otherwise defend this action, on November 21, 2023, the clerk entered defaults against each of them. [DE 25; DE 30, page 3]. On January 11, 2024, the Plaintiffs then filed a Motion for Default Judgment as to the Cater Defendants. [DE 30]. Counsel for the Cater Defendants failed to appear for a pretrial conference on February 9, 2024. [DE 39]. On February 16, 2024, counsel notified the court that his father-in-law had been diagnosed with a brain tumor on February 1, 2024, which caused him to miss the pretrial conference. [DE 41]. This is the only document, outside of his notice of appearance, that counsel for the Cater Defendants has filed in this case.

As for Defendant Halaschak, a summons and copy of the Plaintiffs' complaint was personally served on him on January 9, 2024. [DE 34, page 2]. Because Defendant Halaschak failed to plead or otherwise defend this action, on February 8, 2024, the clerk entered a default

---

[1] The registered agent for (1) Cater Transport Services, LLC; (2) Cater Transport, LLC; (3) Cater Transportation Services, LLC; and (4) Cater Logistics, LLC, is the same person.

against him. [DE 38]. On February 23, 2024, Plaintiffs filed a Motion for Default Judgment as to Defendant Halaschak. [DE 42]. To date, Defendant Halaschak has not made a filing in this case.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. Fed. R. Civ. P. 55. When a defendant fails to answer a complaint or otherwise defend the action, the clerk may make an entry of default. Fed. R. Civ. P. 55(a); *Virgin Records Am. Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N. D. Ind. 2006). The clerk's entry of default must precede an entry of default judgment by the court. *Virgin Records Am. Inc.*, 441 F. Supp. 2d 963, 965. Once the clerk has entered default in a case, the moving party may then seek entry of a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2). Once default judgment is entered against a party, that party is deemed to have admitted the conduct alleged against them. *Virgin Records Am. Inc.*, 441 F. Supp. 2d 963, 965.

Rule 12(c) authorizes a party to move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c). *Seber v. Unger*, 881 F. Supp. 323, 325 (N. D. Ill. 1995). Where a defendant has not filed an answer to the complaint, however, a motion for judgment on the pleadings is premature. *Seber,* 881 F. Supp. 323, 331 n.2.

## DISCUSSION

i.    **The Cater Defendants**

Plaintiffs ask this Court to grant their Motion for Default Judgment against the Cater Defendants. [DE 30, page 3-4]. Here, the requirements for an entry of a default judgment under Rule 55 are satisfied. The record reflects that on November 21, 2023, the clerk entered defaults against each of the four Cater defendants because they had failed to plead or otherwise defend this action. [DE 25; DE 30, page 3]. None of the four Cater Defendants are minors or

incompetent persons. [DE 30, page 3]. Nor are any in active military service of the United States. [DE 30, page 3]. For those reasons, the Motion for Default Judgment against the Cater Defendants is GRANTED. The Cater Defendants are deemed to have admitted the allegations in the complaint. As a result, the Plaintiffs have no duty to defend or indemnify the Cater Defendants in *Jack Gray Transport, Inc., et al. v. Cater Transport, LLC, et al.*, Cause No. 64D05- 2305-CT-004060.

### ii. Defendant Halaschak

Plaintiffs also ask this Court to grant their Motion for Default Judgment against Defendant Halaschak. [DE 42]. Here again, the requirements for an entry of default judgment under Rule 55 are satisfied. The record reflects that a summons and copy of the Plaintiffs' complaint were personally served on Defendant Halaschak on January 9, 2024. [DE 42, page 2]. When he failed to respond, the clerk entered a default on February 8, 2024. [DE 38]. Defendant Halaschak is not a minor or incompetent person. [DE 42, page 2]. Nor is he in active military service of the United States. [DE 42, page 2]. For those reasons, the Motion for Default Judgment against Defendant Halaschak is GRANTED. Defendant Halaschak is deemed to have admitted the allegations in the complaint. As a result, the Plaintiffs have no duty to defend or indemnify Defendant Halaschak in *Jack Gray Transport, Inc., et al. v. Cater Transport, LLC, et al.*, Cause No. 64D05- 2305-CT-004060.

### iii. Plaintiffs' Motion for Judgment on the Pleadings

Plaintiffs ask this Court to grant their Motion for Judgment on the Pleadings. [DE 36]. Rule 12(c) authorizes a party to move for judgment on the pleadings "after the pleadings are closed." Fed. R. Civ. P. 12(c); *Seber*, 881 F. Supp. 323, 325. Where a defendant has not filed an answer, however, the pleadings are not closed and a motion for judgment on the pleadings is

4

premature. *Seber*, 881 F. Supp. 323, 331 n.2. Here, none of the four Cater Defendants have answered the Plaintiffs' complaint. Nor has Defendant Halaschak answered the Plaintiffs' complaint. [DE 42]. Because the pleadings are not closed, Plaintiffs' Motion for Judgment on the Pleadings [DE 26] is premature and DENIED by this Court.

### CONCLUSION

For the foregoing reasons, both the Motion for Default Judgment against the Cater Defendants [DE 30] and the Motion for Default Judgment against Defendant Halaschak [DE 42] are GRANTED, and the Plaintiffs' Motion for Judgment on the Pleadings [DE 36] is DENIED as premature.

SO ORDERED.

ENTERED: May 14, 2024

/s/ GRETCHEN S. LUND
Judge
United States District Court